Gupp v. Brown.

---

## Gupp et al. v. Brown.

### Execution of commission.

A commission, issued to four commissioners jointly, was executed by three only, two of whom were of the defendant's nomination; on objection by the defendant to the reading of the depositions, it was held, that the commission was not well executed: commissioners do not derive their authority, from the parties, but from the court.

A commission had issued to four commissioners, jointly, to take the depositions of witnesses in England. It was executed and returned by three of the commissioners only, two of whom, however, were of the defendant's nomination.

At the trial of the cause, the defendant's counsel objected to the reading of the depositions ; and cited 1 Bac. Abr. 202 ; 2 Inst.

The plaintiffs' counsel observed, that the commission had not issued in the usual form ; but insisted, that as the defendant's *commissioners had attended, the objection could not be maintained on his part.  [*411

By the Court.—The objection is fatal. The commissioners do not derive their authority from the parties, but from the court ;(b) and as it is a special authority, it must be strictly pursued. The power given to four, cannot be well executed by three commissioners.(c)

The evidence overruled.

_Ingersoll_ and _Todd_, for the plaintiffs. _Franklin_ and _Dallas_, for the defendant.

---

(b) Those who execute a commission, are appointed by the court, and although they may be nominated by the parties, they are not their agents. Gilpin v. Consequa, Peters C. C. 88.

(c) If a commission, directed to five commissioners, of whom three are named by the plaintiff and two by the defendant, is executed by three only, or by any number less

## *APRIL TERM, 1806.

### Present—WASHINGTON, Justice, and PETERS, District Judge.

---

than the whole, a deposition taken under it cannot be read, although the two commissioners named by the defendant, by whom the objection is made, were present. The authority of the commissioners is special, and must be executed according to the tenor of it. Armstrong *v.* Brown, 1 W. C. C. 34. See also Hoofnagle *v.* Dering, 1 Yeates 302. A joint commission cannot be executed by some of the commissioners, although the others refused to act. Munns v. Dupont, 3 W. C. C. 41. A deposition taken by a commissioner, in conjunction with a person not named in the commission, is not admissible in evidence. Willing *v.* Consequa, Peters C. C. 309.

